```
1  KEVIN V. RYAN, SBN 118321
   United States Attorney
2  JOANN M. SWANSON, SBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   SARA WINSLOW, DCBN 457643
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7260
   Facsimile:  (415) 436-7169
7
   Attorneys for Defendant
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID B. STEPHENSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant. | CIVIL NO.  04-02422 SC<br><br>STIPULATION AND ORDER OF REMAND |

The Commissioner has notified the United States Attorney's Office that the cassette tape recording of Plaintiff's hearing has not been located. The Commissioner has requested remand under Sentence 6 of 42 U.S.C. 405(g) in order to search for the tape. If the tape cannot be located within 90 days of the filing date of this Stipulation, the Commissioner will remand the claim to an Administrative Law Judge for a *de novo* hearing.

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner .

See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties,

such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary. The intent of the committee was that such procedural defects be considered "good cause" for remand. The committee states:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Good cause having been shown, the parties agree that this action should be remanded to the Commissioner of Social Security for further proceedings as stated above. Defendant will reinstate the action in this Court when plaintiff's record is complete and an administrative transcript is prepared.

Dated: May 13, 2005

/s/
MICHAEL DIAS
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: May 26, 2005    By:    /s/
SARA WINSLOW
Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

Dated: 5/31/05

/s/ Samuel Conti
SAMUEL CONTI
United States District Judge

STEPHENSON, REMAND STIP S6 (jnc)
C 04-02422 SC                           2